## Jones v. Bank of Dearborn.

(Decided December 19, 1924.)

### Appeal from Mason Circuit Court.

1. Trial—Instruction Held Not Erroneous as Assuming that Person Purchasing Tobacco was Defendant's Agent.—In action for money advanced for payment of tobacco bought by defendant and an-

other, who by alleged agreement drew on defendant in payment thereof, instruction held not erroneous as assuming such person was agent of defendant.

2. Contracts—No Variance Because Evidence Shows Agreement with Only One of those Alleged.—That petition charged that defendant in making arrangement with bank to advance money for purchase of tobacco was acting for himself and another, and sough' to charge them jointly and severally, while evidence showed agreement with defendant alone, did not constitute a variance, in view of Civil Code of Practice, section 131.

A. D. COLE and J. M. COLLINS for appellant.

WORTHINGTON, BROWNING & REED for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, C. M. Jones, prosecutes an appeal from a judgment against him for $10,359.52 rendered in the Mason circuit court in favor of the Bank of Dearborn, of Dearborn, Missouri. By its petition the bank stated that in December, 1919, it made a contract with appellant, C. M. Jones, by which it agreed to advance to him and R. L. Crisp money with which to pay for tobacco purchased by them in Platt county, Missouri; that the arrangement was that the tobacco would be purchased by one A. B. Dean, as agent for Jones and Crisp; that Dean in making advancements on tobacco purchased for them would check on a fund on deposit in the bank which was the proceeds of a $7,500.00 note executed to it by Jones; that as the tobacco so purchased was delivered, Dean would load it on cars, consign it to them at Maysville, Kentucky, take the bill of lading for same and then through appellee bank draw on them for an amount sufficient to pay the balance due on the tobacco; that it would then advance the amount of the draft, he to use same in paying the balance due on the tobacco, and that the drafts with bills of lading attached would be paid by them upon presentation at their bank in Maysville, Kentucky. It was pleaded that under that arrangement Dean purchased a great deal of tobacco for Jones and Crisp and shipped same to them and drew on them for the money with which to pay for same; that the amount of the drafts was advanced by the bank to Dean and was used by him to pay for the tobacco, and that upon presentation for payment some of them were not paid by

Jones and Crisp and that for the money it had advanced to them in that way, because of the nonpayment of the drafts, Jones and Crisp were indebted to it. The issue was made by answer which merely traversed the allegations of the petition.

While the petition charged that appellant Jones made the contract with appellee bank, acting for himself and Crisp, and sought to make Crisp answerable to appellee, there was a failure of proof as to Crisp being interested with Jones in the purchase of the tobacco, and at the close of the testimony the trial court peremptorily instructed the jury to find for Crisp, but submitted the issues made by the pleadings and proof between appellant Jones and the appellee bank. The first instruction had reference to an amount admitted by appellant to be due the bank. Appellant complains of instruction No. 2, which reads:

"Instruction No. 2. The court further instructs the jury that if they believe from the evidence that on or about the 5th day of December, 1919, the defendant, C. M. Jones, entered into an agreement with plaintiff bank whereby said plaintiff bank agreed to and did make advances of money to the account of said Jones for the payment of purchases of tobacco bought by said Jones and his agent, A. B. Dean, and that the said Jones represented to plaintiff that his said agent, Dean, was authorized to make said purchases and to draw checks and drafts upon the account of said Jones in payment of such purchases, and that the said defendant, Jones, agreed to pay the plaintiff the amounts so advanced, then the jury will find for plaintiff in addition to the amount indicated in instruction No. 1 in the sum of $1,500.00 with interest from the 5th day of December, 1919, until paid, and in the further sum of $7,937.55 with interest thereon from the 8th day of January, 1920, until paid, and in the further sum of $1,672.30 with interest thereon from the 13th day of January, 1920, until paid, and in the further sum of $4.60, the amount of protest fees, subject, however, to credits in favor of the defendant, Jones, of $4,829.00 as of March 16, 1920, and $2,609.30 as of February 28, 1920."

He insists that by the instruction complained of the court assumed and the jury were in effect instructed

that A. B. Dean was the agent of Jones, which Jones by
his testimony denied. His complaint in that particular,
however, is not well founded. Dean admitted having
borrowed $7,500.00 from the bank on his personal note,
the proceeds of which was placed to his credit in the
bank. He admitted that while in Missouri he purchased
certain tobacco crops and checked on that fund to pay
the advance on same. He admitted that Dean was his
agent to receive and ship that tobacco to him, take bills
of lading for same, attach the bills of lading to drafts
drawn on him through appellee bank and that appellee
bank was authorized to advance to Dean the amounts of
the drafts to use in paying the balance due on the to-
bacco Jones had purchased. Jones' own testimony dis-
closes that Dean was his agent to that extent. The issue
of fact between him and the bank was as to his agency
to purchase additional tobacco and check on the fund to
Jones' credit to pay advances on same and to draw on
him for the balance, and the bank's authority to ad-
vance to Dean the amounts of the drafts. Jones' testi-
mony tended to establish that Dean had no authority to
purchase additional tobacco, or to check on his account
with appellee bank to pay advances on same, or to draw
on him for funds with which to pay for same, and that
he expressly notified it that Dean's agency was confined
to the tobacco Jones himself had bought. The testimony
for the bank by its cashier and by A. B. Dean, who acted
for Jones, was to the effect that Jones employed Dean
to purchase tobacco for him during the season 1919-20;
borrowed $7,500.00 from the bank to enable Dean to pay
the advances on the crops purchased; authorized Dean to
check on the fund to his credit in that bank for that pur-
pose; arranged with the bank to advance to Dean the
amount of the various drafts with bills of lading at-
tached drawn on Jones with which to pay the balance of
the purchase price of the tobacco as delivered; and
agreed to pay the drafts when presented. It would have
been difficult to submit the issues to the jury in a clearer
or more concise instruction than that given, and there is
no merit in appellant's contention that it was misleading
or erroneous. The additional instructions given are not
criticised.

Appellant contends that inasmuch as the petition
charged that Jones in making the arrangement with the
bank was acting for himself and Crisp and sought to

charge him and Crisp as being jointly and severally liable to it, upon the theory that there was such a variance between the *"allegata"* and *"probata,"* the court should have directed a verdict for him. Section 131 of the Civil Code of Practice expressly provides that in an action on a contract alleged to have been made by several defendants, if the evidence shall show the contract to have been made with less than all the defendants that shall not be deemed either a variance or failure of proof but that judgment may be rendered against the party or parties shown to be bound and in favor of those shown not to be bound.

In appellant's brief mention is made of alleged incompetent evidence admitted against him, but counsel does not point out or particularize the evidence objected to and admitted against him which was incompetent. Our reading of the record has not disclosed it to us.

His case was tried by a jury of his home county, the contest being one between him and a foreign corporation. The jury heard the evidence, was properly instructed, and found against appellant. Our consideration of the record discloses that the evidence greatly preponderates in favor of the verdict found by the jury. Letters and telegrams from appellant to Dean introduced in evidence establish beyond all question that the bank's version of this controversy is correct.

The judgment is affirmed.